# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KELVEN HADLEY                                                                                                   PLAINTIFF

v.                                       Case No. 5:08CV00184 JLH

CITY OF PINE BLUFF,
ARKANSAS, et al.                                                                                  DEFENDANTS

## OPINION AND ORDER

The defendants have filed two motions in limine: one to exclude evidence that the city is covered by the Arkansas Municipal League's Legal Defense Program, and another to exclude internal affairs investigation files on persons other than the plaintiff.

In response to the first motion, the plaintiff states that he will not mention to the jury that the defendants are represented by the Arkansas Municipal League. The defendants also request that the Court exclude evidence that the Arkansas Municipal League will pay any judgment rendered against the named defendants. "Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." FED. R. EVID. 411. In the Eighth Circuit, the interjection of the fact that the defendant is protected by insurance or indemnity may be prejudicial error requiring reversal. *Griffin v. Hike*, 804 F.2d 1052, 1057 (8th Cir. 1986). Thus, to the extent that the plaintiff has not agreed to exclude such evidence, the defendants' first motion in limine is GRANTED. Document #31.

The defendants also request that evidence collected from internal affairs files on persons other than the plaintiff be excluded either because it is not relevant or because its probative value is substantially outweighed by its prejudicial effect. *SEE* FED. R. EVID. 401, 403. The defendants argue that the files are irrelevant because the plaintiff has failed to show that he is similarly situated

in all respects to any other officer for whom the Pine Bluff Police Department has an internal affairs file. However, the defendants offer no evidence that they will be unfairly prejudiced by the introduction of such evidence. Furthermore, in the *prima facie* stage of the *McDonnell Douglas* test, the plaintiff must establish that he and other employees "are involved in or accused of the same or similar conduct and are disciplined in different ways." *Rodgers v. U.S. Bank, N.A.*, 417 F.3d 845, 851-52 (8th Cir. 2005). Internal affairs files that the Pine Bluff Police Department maintains on other employees who were subject to disciplinary procedures is relevant to determining whether the plaintiff is similarly situated to those employees. The defendants' second motion in limine is DENIED. Document #33.

IT IS SO ORDERED this 31st day of December, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE