## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

KELVEN HADLEY                                                                                    PLAINTIFF

v.                                      No. 5:08CV00184 JLH

CITY OF PINE BLUFF,
ARKANSAS, et al.                                                                              DEFENDANTS

## OPINION AND ORDER

The City of Pine Bluff has filed a motion to reconsider this Court's Opinion and Order of December 28, 2009, denying the defendant's motion for summary judgment as to plaintiff Kelven Hadley's claims for race discrimination in violation of his rights under 42 U.S.C. §§ 1981 and 1983. For the following reasons, the motion to reconsider is denied.

The defendant alleges that Hadley failed to establish a prima facie case of discrimination because he cannot identify a similarly situated officer in the Pine Bluff Police Department who was treated differently than Hadley. The defendant argues that Tim Waggoner, a Caucasian officer, is not similarly situated to Hadley because, according to the letter of suspension, Waggoner was suspended for violating only two departmental policies: Policy 185 (Unsafe Acts), and Policy 221 (Property: Departmental). Def. Ex. C. Hadley, on the other hand, was terminated for violating Policy 185, Policy 221, Policy 1250 (Police Offenses: Disciplinary), and Policy 1251 (Insubordination). Def. Ex. A. The defendant suggests that, because Hadley's termination letter lists more policy violations than Waggoner's, Hadley is not similarly situated to Waggoner.

This Court disagrees. First, there is a genuine issue of material fact as to whether Hadley violated Policy 1251 and at least one section of Policy 1250. According to his termination letter, Hadley was insubordinate because he was instructed to write a report on his missing weapon and

failed to do so.  Def. Ex. A.  Hadley argues that he was never told to write the report.  Hadley says that he did not know his weapon was missing because he asked Lieutenant Dana Powell to contact him again if she was unable to locate the weapon, and she did not.  Hadley also argues that he did not later change his story about securing his weapon in violation of Policy 1250(I)(23).

Second, as the plaintiff points, Waggoner was disciplined for violating two sections of Policies 185 and 221 that Hadley did not violate.  Specifically, Waggoner was disciplined for using his weapon in his private business (Policy 221(II)(F)) and for leaving his weapon in a location where it was used to injure someone (Policy 185(I)).  According to Officer Ivan Whitfield, that Waggoner's weapon was used in a shooting makes his conduct much more egregious than that of Hadley.

Finally, Deputy Chief Ricky Whitmore, who disciplined both Waggoner and Hadley, testified that the Pine Bluff Police Department utilizes a progressive disciplinary policy.  Pl. Ex. A at 76.  Whitmore also testified that he takes into consideration an officer's past record when determining the type of discipline to issue.  *Id.*  Whitmore conceded that Waggoner was a more problematic employee than Hadley.  *Id.* at 83.  Yet, Whitmore terminated Hadley, not Waggoner, for committing similar departmental policy violations.

For these reasons, the defendant's motion to reconsider is DENIED.  Document #45.

IT IS SO ORDERED this 31st day of December, 2009.

*/s/ J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE