# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KELVEN HADLEY                                                                    PLAINTIFF

v.                          Case No. 5:08CV00184 JLH

CITY OF PINE BLUFF,
ARKANSAS, et al.                                                                DEFENDANTS

## OPINION AND ORDER

The City of Pine Bluff has filed a motion to exclude the plaintiff Kelven Hadley from introducing into evidence the internal affairs investigation files of white officers Jared Roland, Anthony Dulin, and Ron Miller either because the files are not relevant or, in the alternative, because their probative value is substantially outweighed by their prejudicial effect. *See* FED. R. EVID. 402, 403. The City argues that Hadley is not similarly situated to officers Roland, Dulin, or Miller because he did not have the same supervisor as those officers. When presenting instances of disparate treatment to support a claim of pretext, a plaintiff bears the burden of establishing that disparately treated individuals are similar to the plaintiff in all relevant respects. *Wimbley v. Cashion*, No. 08-2829, 2009 WL 4348276, at *3 (8th Cir. Dec. 3, 2009). Disparately treated individuals are not similarly situated if they dealt with different supervisors. *Clark v. Runyon*, 218 F.3d 915, 918 (8th Cir. 2000).

In his response, Hadley does not contend that he is similarly situated to Roland, Dulin, or Miller. Rather, he argues that their files should be permitted to evidence a pattern and practice of discriminatory treatment at the Pine Bluff Police Department. It is true that "blanket evidentiary exclusions" of other incidents of discrimination involving other employees can be "especially damaging in employment discrimination cases." *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1103

(8th Cir. 1988), *superceded on other grounds by Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989). However, in his complaint, Hadley does not allege that Roland, Dulin, and Miller were subject to race discrimination. Rather, Hadley alleges that he was discriminated against in part because he was treated differently than Roland, Dulin, and Miller. Because Roland, Dulin, and Miller are not similarly situated to Hadley, their investigation files are not relevant to this case. *See Thomas v. Ark. State Police*, 80 F. App'x 536, 537 (8th Cir. 2003) (finding no abuse of discretion in the exclusion of evidence relating to another trooper who was not similarly situated to the defendant because he did not have the same supervisor).

For these reasons, the defendant's amended third motion in limine is GRANTED, and the defendant's third motion in limine is dismissed as moot. Documents #52 and #54.

IT IS SO ORDERED this 8th day of January, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE